UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFF HENRY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-656-CEJ |
| ) | |
| SENTRY INSURANCE, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to remand this action to the Missouri state court from which it was removed. Defendant Sentry Insurance[1] has responded in opposition. None of the three other defendants has responded to the motion, and the time allowed for doing so has expired.

### I.  **Background**

Plaintiffs Jeff Henry and Kelli Henry initiated this action in the Circuit Court of Jefferson County, Missouri on March 11, 2016. Plaintiffs are citizens of Missouri. Sentry is incorporated in Wisconsin and maintains its principal place of business there. According to Sentry's notice of removal, defendant Nationwide Insurance is incorporated in Ohio and maintains its principal place of business in that state. The notice of removal also alleges defendant Helitech Waterproofing & Foundation Repair maintains its principal place of business in Illinois, where it is also incorporated. The citizenship of defendant Focus Insurance Agency is not alleged either in the complaint or in the notice of removal.

---

[1]The Court refers to the defendants by the names set forth in the complaint.

The plaintiffs bring this action asserting claims of breach of contract, vexatious refusal to pay under an insurance policy, and negligence. According to the complaint, on April 26, 2011, plaintiffs detected damage to the foundation and basement walls of their house. Plaintiffs had a homeowner's insurance policy with Sentry at that time. They made a claim to have repair of the foundation covered under that policy. On May 9, Sentry denied the claim based on its determination that the foundation damage resulted from "settling, cracking, shrinking, bulging or expansion," a determination it made without inspecting the property. [Doc. #4 at 6] The nature, extent, and cause of the foundation damage thus bear directly on whether Sentry breached the policy by denying the claim, and whether it did so vexatiously.

After Sentry's denial of coverage, plaintiffs contacted Helitech to inspect the property. On May 13, 2011, a Helitech agent inspected the house and proposed to remediate the foundation damage, at plaintiffs' expense. Plaintiffs entered into a contract with Helitech to perform the remedial work and to prevent any future damage to the foundation. Helitech completed the work in July 2011. Plaintiffs allege that Helitech breached the contract and was negligent in failing to perform the work properly and refusing to remedy the ensuing damage to plaintiff's property. Thus, the nature, extent, and cause of the foundation damage are also relevant to the issues of whether Helitech performed its obligations under the contract or was negligent in performing the work.

For the reasons discussed below, the actions giving rise to claims against Focus and Nationwide are irrelevant here.

On March 14, 2016, summonses were issued to all four defendants. Helitech and Focus were served on April 7. Sentry and Nationwide were served on April 11. On May 11, Sentry removed, invoking jurisdiction based on diversity. 28 U.S.C. § 1332(a). Among other things, Sentry argued that the claims against it have been improperly joined with, and are separate and distinct from, the claims against all of the other defendants. But Sentry did not move to sever those claims in the state court, in the notice of removal, or at any point thereafter. Further, though Sentry argues Focus has been fraudulently joined, it does not advance that argument with respect to Helitech or Nationwide. Nor does Sentry press that the claims against Helitech have no reasonable basis in fact and law, *i.e.*, were fraudulently joined.

Helitech, Nationwide, and Focus did not join Sentry's notice of removal. Sentry also did not state in the notice that it had obtained the consent the co-defendants to remove. Neither Helitech, Nationwide nor Focus has filed an explicit statement of consent following removal. In fact, Helitech has taken no action in the case following removal. On June 8, plaintiffs timely moved to remand, *inter alia*, arguing remand is required because not all defendants have consented to removal.

**II. Legal Standard**

The non-jurisdictional requirements to remove a case from state court to federal court are subject to "strict construction." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "When a civil action is removed solely under [28 U.S.C. §] 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In turn, 28 U.S.C. § 1441(a) provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction

3

. . . ." Where, as here, a defendant removes asserting original jurisdiction purportedly on the basis of complete diversity, pursuant to 28 U.S.C. § 1332(a), the consent requirement of 28 U.S.C. § 1446(b)(2)(A) therefore applies.

This "rule of unanimity ordinarily requires that a case be remanded to the state court from which it was removed unless all defendants join in the motion for removal." *Casey v. FDIC*, 583 F.3d 586, 591 (8th Cir. 2009) (citations omitted). The "requirement serves important interests—it prevents duplicative litigation and bars one defendant from imposing his forum of choice on co-defendants." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 933 (8th Cir. 2012) (citation omitted). One exception to the rule of unanimity is that "nominal defendants, those against whom no real relief is sought, need not join in the petition" for removal. *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) (quotation marks and citations omitted). The other such exception is for a defendant that has been "fraudulently joined," which occurs only when "there exists no reasonable basis in fact and law supporting a claim against" that defendant. *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 546 (8th Cir. 2013) (quotation marks and citation omitted). A "party has been fraudulently joined if there is no reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 405 (8th Cir. 2013) (quotation marks and citation omitted).

Further, "[e]ach defendant" has only "30 days after receipt by or service on that defendant of the initial pleading or summons" to remove. 28 U.S.C. § 1446(b)(2)(B). To avoid prejudicing a later-served defendant's ability to timely remove with unanimous consent, if "a later-served defendant files a notice of

4

removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.* § 1446(b)(2)(C). Consequently, regardless of when multiple defendants are served, every defendant that does not join a notice of removal at the time of filing must consent following removal, or the case must be remanded. *See Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001).

To "meet the consent requirement, there must be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant has actually consented to the removal." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) (quotation marks and citation omitted). The Eighth Circuit has "specifically advised non-removing defendants who wish to consent to removal to either sign the notice of removal or file a timely and unequivocal consent." *Id.* (quoting *Christiansen*, 674 F.3d at 933). However, "the written indication of consent can come in various forms," and "the rule of unanimity" does "not describe the form of or time frame for consent when multiple defendants are involved." *Id.* Thus, the Eighth Circuit has "express[ed] no opinion regarding whether the unanimity requirement may be satisfied by the mere filing of motion to dismiss (silent on removal) within thirty days of service, or the filing of a curative consent to removal after the thirty-day period." *Christiansen*, 674 F.3d at 933.

Finally, unlike jurisdiction, the issue of a removing defendant's failure to comply with the rule of unanimity is waivable. *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005). A plaintiff must raise the deficiency in support of remand within thirty days of removal. *Id.* But once a plaintiff raises the issue, it is

axiomatic that a defendant that has not given any "written indication" that it "has actually consented to the removal" is obliged to respond if it wishes to consent, or remand is required. *Griffioen*, 785 F.3d at 1187.

### III. Discussion

Helitech, Nationwide, and Focus have not expressly consented to removal. Nor has Helitech manifested consent in any of the other ways that have been held to suffice. *See Christiansen*, 674 F.3d at 933. It has filed no answer putatively acquiescing to removal, and it has submitted no other written indication of consent. After plaintiffs explicitly raised the issue of its lack of consent in support of remand, Helitech filed no response in opposition. *See Griffioen*, 785 F.3d at 1187; *Horton*, 431 F.3d at 604. Further, more than thirty days have passed since Helitech was served, since Sentry removed, and since plaintiffs moved to remand, and still Helitech has not consented. Absent an exception to the rule of unanimity, remand is thus required. *See Casey*, 583 F.3d at 591.

Here, no such exception applies. First, Helitech is not a mere "nominal defendant." *Thorn*, 305 F.3d at 833. Plaintiffs seek relief directly from Helitech for breach of contract and professional negligence with respect to the purportedly ineffective foundation repair. *See id.*

Second, Sentry does not argue that Helitech was fraudulently joined. *See Bradley*, 712 F.3d at 405. But even if Sentry's contentions could be read to suggest Helitech was fraudulently joined, such an argument would be unmeritorious. Fraudulent joinder occurs only when "there exists no reasonable basis in fact and law supporting a claim against" a defendant. *Karnatcheva*, 704 F.3d at 546 (quotation marks and citation omitted). That threshold is met whenever "the state

6

law might impose liability based upon the facts involved." *Bradley*, 712 F.3d at 405. A reasonable basis exists to find Missouri law might impose liability on Helitech for breaching its contract with plaintiffs or for professional negligence with respect to the allegedly imperfect foundation repair.

Finally, Sentry appears to argue that exceeding the bounds of permissive joinder under Federal Rule of Civil Procedure 20 is another exception to the rule of unanimity, as distinct from fraudulent joinder. *See* Fed. R. Civ. P. 20(a); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010). Sentry has pointed to no authority in support of that proposition. The Court likewise has found no support for any such exception to the rule of unanimity.

In any event, that alleged exception would have no application here. Sentry's failure to seek severance is likely dispositive. Even if it were not, in "construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'" *Prempro*, 591 F.3d at 622. "It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Rule 20(a) "permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding," without requiring "[a]bsolute identity of all events." *Prempro*, 591 F.3d at 622.

The claims against Sentry and Helitech stem from a series of transactions or occurrences that are all logically related to the 2011 foundation damage. *See* Fed. R. Civ. P. 20(a)(2); *Prempro*, 591 F.3d at 622. The actions giving rise to the claims against Helitech of course stem from the initial necessity of hiring that company, which arose, in part, from Sentry's denial of the insurance claim, the genesis of the

7

claims against Sentry. Myriad common questions of fact inevitably will arise as to the claims against both defendants with respect to the nature, extent, and cause of the 2011 foundation damage. Rule 20 thus permits joining the claims against Sentry with the claims against Helitech.

Therefore, no actual or purported exception to the rule of unanimity applies to absolve Sentry from the mandate to obtain Helitech's consent to remove this case. 28 U.S.C. § 1446(b)(2)(A). Because Helitech has not consented to the removal even after plaintiffs explicitly raised the issue and it was afforded ample opportunity to consent, the case must be remanded. *Griffioen*, 785 F.3d at 1187.

\*\*\*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. #12] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Third Judicial Circuit Court of Missouri (Jefferson County), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of August, 2016.

8